COSTER and others *against* MURRAY and MURRAY.

After a plea of the statute of limitations, to a bill for an account and
discovery, with an accompanying answer, is overruled, and the de-
fendant ordered to put in a full and perfect answer, he is not allowed
to repeat, in his second answer, the same matter contained in the
plea which had been overruled; but must make a full and perfect
answer to the merits of the bill.

IN *June*, 1821, the plaintiffs filed a bill against the de-
fendants, for an account. The defendants pleaded the sta-
tute of limitations, with an accompanying answer, in which
they denied that they had made any offer, tender, promise,
or agreement to pay, within six years, &c. On the 11th
of *December*, a decretal order was made, overruling the
plea, with the answer, and ordering the defendant to put
in a full and perfect answer to the bill. (Vide S. C. vol.
5. p. 522.) The defendants appealed from this order;
and the *Court of Errors*, in *November*, 1822, affirmed the
decree of this Court, with costs, and the record was direct-
ed to be remitted, to the end that it might be carried into
execution; and the Court of Errors, also, denied a motion,
made on the part of the appellants, to modify its decree, so
as to direct that the plea should be allowed to stand for an
answer, with liberty to the plaintiffs to except to the same,
and with leave to the defendants to amend their answer in
Chancery, or file a supplemental answer. (Vide S. C. 20
*Johns. Rep.* 576. 610.)

The answer insisted on the statute of limitations, as a
bar to the discovery, account, and relief sought by the bill;
and prayed the same benefit of it, as if it had been pleaded.
It gave no discovery or answer to the subject matter of the
bill, but was confined to the setting up of the statute, as a
bar both to discovery and relief, and to answering the matter
stated in the bill relative to an understanding, or agree-

*May 3d.*

ment between the counsel of the parties, touching a nego= tiation for a settlement.

*Seven exceptions* were filed to the answer. The six first exceptions were founded on the omission to make the dis= covery and answer to the subject matter and main charges in the bill. The seventh exception, was to the irrelevancy and impertinence of the answer, respecting the negotiation between the counsel.

The Master reported, that all the exceptions were well taken, and the defendants excepted to his report.

*March* 28. The cause came on to be heard on the ex= ceptions to the Master's report.

*Henry* and *Hoffman*, in support of the exceptions to the report, contended :

1. That the plea having been overruled, the defendants were at liberty to insist on the same matter, by way of an= swer ; and that proceedings upon the new defence must be the same as if it had been originally made. (1 *Beams' Pleas*, 320, 321. 2 *Vern.* 701. 3 *P. Wms.* 94. *Equity Drafts.* 393.)

2. The answer to the bill is a bar of the title to the relief sought ; and, therefore, protects the defendants from discovery, as to all the matters contained in the first ex= ceptions. (4 *Johns. Ch. Rep.* 205. 215. 549.)

3. That the ground upon which the Court of Errors overruled the plea, viz. the supposed admission in the first answer of the justice and existence of the debt, and an offer to pay it, does not, and cannot impair the suffi= ciency of the second answer : 1st. Because, the first answer no longer exists, and can in no wise affect the de= fendant's rights, having been overruled with the plea. 2. Because, the second answer is to be considered as an original defence, and contains no admission whatever, either of the existence or justice of the debt, or of any

offer to pay it, that can take it out of the statute. (3 *Atk.* 107.) The decree of the Court of Errors is simply a decree of affirmance. The cause is now before this Court, precisely as before the appeal; a full and perfect answer has been ordered, and the defendants have made it. If they make the discovery, it may destroy or impair the bar of the statute.

4. If the first answer should be deemed to exist, and the Court are authorized to look into it, yet the defendants had a right, under the decree, to state any additional matter, for supplying imperfections or removing doubts in the sense of the first answer; and they have done so, by excluding all implied admissions of the debt, and showing that the offer of counsel did not yield, but expressly saved the statute bar, and was a peace-offering, which was rejected, and cannot, therefore, hurt the defendants. (8 *Johns. Rep.* 407. 11 *Johns. Rep.* 142. 13 *Johns. Rep.* 288. 2 *Esp.* 160. *n.* *Bull. N. P.* 336. 1 *P. Wms.* 497. 2 *Vern.* 717.)

*Griffin*, contra, said, that it was a well settled rule, that where the defendant answers, and especially, when there is an order for that purpose, he must answer fully and perfectly. If the party puts himself upon a fact, as an objection to the call for further discovery, it ought to be, at least, a fact which would be, at once, a clear, decided, and inevitable bar to the demand. (*Methodist Church* v. *Jacques*, 1 *Johns. Ch. Rep.* 65. 75.)

In the case of *Hellings* v. *Shaw*, (7 *Taunt.* 608.) *Gibbs*, Ch. J., says, there are three cases, in which the words of the statute would discharge a defendant, but in which the Courts have held him liable. One is, where the defendant has admitted that the debt is unpaid, but has stated that it was discharged by lapse of time. Another is, where the defendant has stated, not that the debt is due, but that it was discharged by a particular means, which, if the plain-

*Margin note:* 1823.

COSTER v. MURRAY.

tiff disproves, he is let in to recover, by taking away the only ground of defence relied upon. A third case is, where the defendant challenges the plaintiff to produce a particular mode of proof of his liability, which, if produced by the plaintiff, the defendant is held liable. The present case belongs to the first class. In *Galway v. Barrymore,* (*Dickens,* 163.) the defendant had prepared an answer, in his lifetime, to a bill for payment of a debt, in which he said, " he would do what was right and just," but died before it was filed; and Lord *Hardwicke* was of opinion, that these words were sufficient to take the case out of the statute, and conclusive on his representatives, who were decreed to pay the debt out of the assets. Here is a sworn answer of the defendants, which contains a clear admission of the debt; and the allegation about the confidence in counsel is immaterial. The Court is very jealous of allowing new matter to be introduced into an amended or further answer. (*Bowen v. Cross,* 4 *Johns. Ch. Rep.* 375.)

The defendants themselves have deliberately put the negotiation between the counsel, for a settlement, upon record. Here is a free and voluntary confession of the debt upon record, from which the defendants cannot now escape. They have discovered, by the decision of the Court of Errors, where the shoe pinches; and it would be a dangerous precedent to allow them to go back to their original defence, and amend it. (1 *Johns. Ch. Rep.* 383. 2 *Johns. Ch. Rep.* 242. 247. 3 *Johns. Ch. Rep.* 339. 395. 4 *Johns. Ch. Rep.* 287. 5 *Johns. Ch. Rep.* 441. 3 *Merivale,* 64, 65.)

THE CHANCELLOR. The exceptions to the answer were well taken. It was not a full and perfect answer to the bill, within the terms or meaning of the order of the 11th of *December,* 1821. It was nothing more, in substance and effect, than a repetition of the plea of the statute of limitations, after that plea had been overruled, and the decretal order

overruling it, and requiring the defendants to put in " a full and perfect answer to the bill," affirmed in the Court of Errors. If it had been intended that the statute of limitations should appear again in the answer as a positive bar to the whole discovery and relief, and that the merits of the bill might go unanswered, the order would not have *thus absolutely overruled the plea, but would have allowed it to stand for an answer, with liberty to except.* After a plea of the statute has been once technically pleaded, and formally discussed, considered and overruled, and again solemnly discussed and overruled upon appeal, and a full and perfect answer required by the order of both Courts, and an effort to have the decretal order of this Court modified, so as to allow the plea to stand for an answer, has failed, it surely cannot, upon any reasonable principle, be permitted to the party to escape from the order in this way, and bring the very same matter again into discussion. It is conformable to the good sense of pleading, that a defendant should not twice refuse to answer the bill. If a plea be overruled, you may move for a rehearing, or for leave to amend, but you cannot again plead the same plea. If a plea could be re-pleaded, it would not, as Chief Baron *MacDonald* observed, in *Freeland* v. *Johnson*, (2 *Anst.* 407.) do its office. It would not have the effect of saving litigation, but would encourage the defendant to try it as an experiment to save time. It was held, upon the same ground, in *Baker* v. *Mellish*, (11 *Vesey*, 68.) that a defendant could not demur a second time, without leave specially given, even though it should be a more restricted demurrer. It would be calling upon the Court to rehear the former judgment, in a manner contrary to the usual course and settled practice.

I do not know of any case in which, under such circumstances, such an answer has been held good. If a second plea be not admissible, I should apprehend it must be equally inadmissible, when it comes varied only in point of form, but with the same matter and the same preten-

sion, in point of substance. There is no foundation in authority for such an answer, in any of the cases which have a bearing on the question.

In *Harris* v. *Ingledew*, (3 *P. Wms.* 94.) the Master of the Rolls, when speaking of a plea of purchase for a valuable consideration, which had omitted to deny notice, said, that " if it was overruled, the defendant might still help himself, by putting all his defence in his answer." This observation has no application to the case before me; for it does not appear that the Court would not have required the answer to meet *fully* all the charges in the bill, and which might have been done consistently with the averment of notice. Again, in *Finch* v. *Finch*, (2 *Ves.* 491.) an answer was reported insufficient, and the defendant submitted to the report, and put in a further answer, insisting on the same matter. Lord *Hardwicke* held, that the defendant was not absolutely precluded, " for the matter had not undergone the judgment of the Court." He there observed, that " a plea could not be put in a second time, if once overruled;" but he observed, that " the Court frequently allowed a defendant, after a plea was overruled, to insist upon the same matter by answer." In *Hoare* v. *Parker*, (1 *Cox*, 224.) Lord *Thurlow* said, " there was no instance, after a plea to a bill for discovery only was overruled, of the same thing being allowed to be insisted upon by answer." I apprehend that there is no case where it is allowed, even to a bill for relief, *without the leave of the Court ;* and, perhaps, even this distinction of Lord *Thurlow* may well be doubted. Where the discovery would lead to a forfeiture, or to corporal punishment, a demurrer to the discovery, after a plea had been overruled, was allowed, in the case of the *East India Company* v. *Campbell*, (1 *Ves.* 246.) And in the case of the *Earl of Suffolk* v. *Green*, (1 *Atk.* 450.) a demurrer to so much of the bill as charged usury, was overruled; not because the demurrer could not have been sustained, if it had been confined to

that part of the bill; but because, it was extended to inadmissible ground, and was overruled *in toto*, upon the principle that if it be bad in part, it is bad in the whole; but it was especially declared to be without prejudice to the right to insist, by way of *answer*, against making any discovery touching the charge of usury. Whatever exception there might be to the rule in such special cases, there is none applicable to this case, and the defendant must make a full answer and discovery as to the charges in the bill.

I shall, accordingly, overrule the exceptions to the Master's report, allowing the exceptions to the answer, and direct the defendants to answer the six first exceptions to the answer, within three weeks, and pay to the plaintiffs their costs of all the exceptions, and of the reference and argument upon the exceptions to the Master's report, to be taxed; and that the Master strike out that part of the answer reported by him to be irrelevant and impertinent.

Order accordingly.